TREVOR J. HATFIELD, ESQ.
Nevada Bar No. 7373
**HATFIELD & ASSOCIATES, LTD.**
703 South Eighth Street
Las Vegas, Nevada 89101
(702) 388-4469 Tel.
(702) 386-9825 Fax
*thatfield@hatfieldlawassociates.com*

*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| AMIR ASLAM, an individual,<br><br>        Plaintiff,<br><br>   vs.<br><br>ELAVON INC., a Foreign Corporation, DOES I through X, inclusive; ROE CORPORATIONS I through X, inclusive<br><br><br>        Defendant. | CASE NO:<br><br><br>**COMPLAINT**<br><br>**(Jury Trial Demanded)** |

COMES NOW, Plaintiff AMIR ASLAM (hereinafter, "Plaintiff"), by and through his counsel, of the law firm of Hatfield & Associates, Ltd., and alleges upon information and belief against the above-captioned Defendant as follows:

### PARTIES

1.      At all times relevant hereto, Plaintiff, residing in Las Vegas, Clark County, Nevada.

2.      Plaintiff was an employee of Defendant within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e, et seq., and applicable case law.

3.      Defendant is a bank and is located and organized in the State of Nevada or is a foreign corporation licensed to do business in Nevada

4.      Defendant is a subsidiary of U.S. Bank.

5.      Defendant regularly employ fifteen or more persons.

1

## JURISDICTION AND VENUE

6.      The jurisdiction of this Court is predicated upon 28 U.S.C. Section 1331 and 1343, to redress the unlawful deprivation of Plaintiff's rights secured, guaranteed and protected by federal law. The Court also has jurisdiction pursuant to 28 U.S.C. Sections 2201 and 2202 relating to declaratory judgments. This Court may also exercise pendant jurisdiction over Plaintiff's state law claims arising under the common law and statutes of the State of Nevada, and which arise from a common nucleus of operative fact pursuant to 28 U.S.C. Section 1367.

7.      Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. Section 1391(b), wherein Plaintiff resides, or resided, and Defendant resides or resided, and/or regularly conducts business.

## ADMINISTRATIVE PREREQUISITES

8.      Plaintiff has complied with all the administrative prerequisites to action under Section 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e-5, as follows:

9.      Plaintiff was terminated from his job with Defendant.  Plaintiff timely filed an inquiry intake form with the intent to file a charge of discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC").   He thereafter timely received a perfected Charge of Discrimination with EEOC.  Plaintiff has since received his Dismissal And Notice of Rights from EEOC.

10.      Plaintiff promptly and diligently accommodated all NERC requests for information and fully cooperated in the agency's investigation of this matter.

11.      Plaintiff has exhausted all available administrative remedies in accord with the aforementioned statutes prior to instituting this civil action, and Plaintiff has timely filed this action.

///

2

12. Plaintiff demands a jury trial of this case pursuant to Local Rule 38-1 and 28 U.S.C. Section 1411.

## FACTUAL ALLEGATIONS

13. Plaintiff is a Muslim person of non-White, American of Cuban and Asian decent. Plaintiff was hired by Defendant in February 2012 as an Assistant Manager. Plaintiff eventually came to work as a Senior Client Executive. He performed his duties satisfactorily.

14. In April of 2022, in preparation of the birth of his son Plaintiff requested Paternity leave from his manager Dan Fogarty. Mr. Fogarty responded stating "Raising a child is a woman's job, you don't get any special time off besides your vacation and sick days." Plaintiff referred Mr. Fogarty to Defendant's human resource (HR) policy regarding employee communication and time off requests at which point Mr. Fogarty hung up the phone.

15. Several days after the time off request, Mr. Fogarty called Plaintiff on his cell phone outside of work hours and was verbally abusive using profanity and berating Plaintiff. Plaintiff stated that he was tired of being verbally abused and was going to report Mr. Fogarty to HR. At this point Mr. Fogarty hung up the phone.

16. Plaintiff reached out to HR and filed a complaint about Mr. Fogarty's behavior. Plaintiff also expressed to HR that he was in fear of being fired or facing some other form of retaliation as a result of the complaint. HR assured Plaintiff that no retaliation would occur.

17. On July 11th, 2022, Plaintiff discussed his request for Paternity leave again with Mr. Fogarty. Mr. Fogarty asked that Plaintiff assign his accounts to others on the team before August, 2022.

18. On July 13th, 2022, Plaintiff notified Mr. Fogarty that Plaintiff was going to be receiving a biopsy to determine if he had cancer. Plaintiff also stated he would keep Mr. Fogarty up to date if he would need time off as a result of the outcome of that biopsy.

19. On July 20th, 2022, Plaintiff was terminated from his position with Defendant. Plaintiff had been the only person of color on his team.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION AGAINST DEFENDANT

### (Discrimination Under State and Federal Anti-Discrimination Statutes in Violation of Title VII of the Civil Rights Act of 1964, As Amended)

20. Plaintiff incorporates by reference the allegations set forth in the proceeding paragraphs of the Complaint as set forth at length herein.

21. Defendant's conduct as detailed herein was in fact illegal. Plaintiff, a member of protected classes, was subjected to race, gender, color and national origin discrimination and hostilty, disparate treatment and retaliation for reporting discrimination in the workplace that was directed toward him, a protected activity, all of which are illegal activities as directed, ratified and tolerated by his employer.

22. As a result of Defendant's above-stated actions, Plaintiff has suffered irreparable injuries and deprivation of income in the form of wages and prospective benefits, promotion opportunities and job assignments due to him as an employee, and emotional pain and suffering, mental anguish, humiliation, embarrassment, indignity and other intangible injuries in an amount to be proven at trial.

20. Plaintiff should be awarded punitive damages as well because of Defendant's extreme and outrageous conduct and intentional retaliation.

21. As a further result of Defendant's above-stated actions, it has been necessary for Plaintiff to obtain services of the law offices of Hatfield & Associates, Ltd. to prosecute this action, and Plaintiff is entitled to reimbursement for those attorney fees and costs which have been reasonably incurred.

4

## SECOND CAUSE OF ACTION

### (Retaliation Under Title VII)

22.    Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

23.    Defendant's conduct as detailed herein was in fact illegal.  Plaintiff was subjected to discriminatory conduct and disparate treatment, and in retaliation for engaging in a protected activity all of which are illegal activities as directed, ratified and tolerated by his employer.

24.    As a result of Defendant's above-stated actions, Plaintiff has suffered irreparable injuries and deprivation of income in the form of wages and prospective benefits, promotion opportunities and job assignments due to him as an employee, and emotional pain and suffering, mental anguish, humiliation, embarrassment, indignity and other intangible injuries in an amount to be proven at trial.

25.    Plaintiff should be awarded punitive damages as well because of Defendant's extreme and outrageous conduct and retaliation.

26.    As a further result of Defendant's above-stated actions, it has been necessary for Plaintiff to obtain services of the law offices of Hatfield & Associates, Ltd. to prosecute this action, and Plaintiff is entitled to reimbursement for those attorney fees and costs which have been reasonably incurred.

## THIRD CAUSE OF ACTION

### (Violation of Nevada Statutory Protections)

27.    Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

28.    NRS § 613.330 makes it unlawful for an employer to discriminate against any employee because of their race, color and national origin.  Plaintiff was discriminated against due

to his race, color and national origin.   Defendant's conduct as detailed herein, was in fact illegal. Plaintiff was subjected to race, color and national origin and gender oriented, related and motivated discriminatory practices and hostility, and actions all of which are illegal activities as directed, ratified tolerated by his employer.

27.    As a direct and proximate result of Defendant's violation of N.R.S. § 613.330, Plaintiff has suffered lost wages, lost benefits, lost seniority, lost future earnings, lost employment opportunities, humiliation, embarrassment, and loss of self-esteem in an amount to be determined at trial.  Therefore, Plaintiff seeks all legal and equitable remedies available at law.

28.    Plaintiff should be awarded punitive damages as well because of Defendant's extreme and outrageous conduct.

29.    As a further result of Defendant's above-stated actions, it has been necessary for Plaintiff to obtain the services of the law offices of Hatfield & Associates, Ltd., to prosecute this action, and Plaintiff is entitled to reimbursement for those attorney's fees and costs which have been reasonably incurred.

## REQUEST AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment and damages against Defendant as follows:

1.  Enter an injunction ordering Defendant to make Plaintiff whole with full back pay, and benefits and reinstatement of sick leave time that Plaintiff would have obtained in the absence of discrimination or, in the alternative, front pay;

2.  An award to Plaintiff for compensatory damages in amount to be shown at trial for past and future economic and non-economic losses within this Court's jurisdiction subject to proof;

3.  An award to Plaintiff for general damages, including but not limited to emotional distress damages, within this Court's jurisdiction subject to proof;

4.  An award to Plaintiff for exemplary and/or punitive damages;

5.  An award to Plaintiff for reasonable attorney's fees and costs;

6.  An award to Plaintiff for interest on any awards at the highest rate allowed by law;

**7.**  And such other and further relief as this Court deems just and appropriate.

Dated this 23rd day of November 2022.          **HATFIELD & ASSOCIATES, LTD.**

By: /s/ *Trevor J. Hatfield*
Trevor J. Hatfield, Esq. (SBN 7373)
703 South Eighth Street
Las Vegas, Nevada 89101
(702) 388-4469 Tel.
*Attorney for Plaintiff*